Nott, Ch. J.,
dissenting:
I agree that the surviving partner, when he, alone, brings a suit for the benefit of himself and all concerned, is a sufficient party to represent and recover for all partnership interests, and that when judgment is rendered in his favor the court can exercise its equity powers by requiring him to give security for the execution of the implied trust which then arises in favor of the next of kin of the deceased partner; but I know of no authority in the court to dismiss the suit of a party who is entitled to the money, or a portion of the money, which may be recovered.
The ninth section of the Indian depredation act, 1891, declares void all sales, transfers, or assignments of such claims “except such as have occurred in due administration of decedents’ estates,” and provides in unmistakable terms that “all warrants issued by the Secretary of the Treasury in payment of such judgments shall be made payable and delivered only to the claimant, or his lawful heirs, executors, or administrators or transferee under administrative proceedings.”
When the deceased partner, John Eichard, jr., died, there was no claim or demand known to the law against the United States or the Sioux Nation which could pass to the surviving partner as a partnersnip asset. The only right of action which the partnership had was a suit against the individual depre-dators. The act of 1891 gave a right of action against the tribe and against the Government which had never existed before; and it assumed a liability on the part of the United States which was then created by its own terms. It was the right of Congress to determine how and to whom the money recovered under the act should go; and no one who studies the provisions enacted can doubt that it is to go, not to creditors or assignees, but to the original sufferers and their heirs or next of kin. No *288 other persons are directly or indirectly recognized as beneficiaries under tbe act. The Supreme Court went further in holding the French spoliation claims to be gratuities; for there, the Government had taken the dioses in action of its citizens, their demands against a foreign power, and paid them away to France in consideration of the relinquishment of French claims against the United States.
With a claim before the court which was not a partnership asset known to the law, and with a claimant before the court who is expressly recognized as a beneficiary under the statute, I do not think that the court is at liberty to dismiss the case and say that that claimant had no right to bring the action, or that the surviving partner has a superior-right to recover.
There are two administrators before the court seeking to recover upon the claim of this deceased partner. The one represents his heirs in fact, but his appointment is irregular and void. The other assumed to act, we know not at whose request, and obtained a regular appointment by a probate court in the State where the decedent died. There is a conflict between him and the real parties in interest, the next of bin of the decedent. Technically he is entitled to recover for the next of kin, who did not bring an action in their own names and appear only in the person of an administrator whose administration is void. In these circumstances I think the court should interpose its authority and order that the transcript of judgment, which in my opinion should be rendered in favor of the administrator of the deceased partner, shall not issue until the court is satisfied that the real parties in interest give consent to his collecting the money.